UNITED STATES of America,
Appellee,

v.

Juan FIGUERATE, Defendant–
Appellant.

No. 06–0289–cr.

United States Court of Appeals,
Second Circuit.

Sept. 7, 2007.

Sally Wasserman, New York, NY, for Defendant–Appellant.

Robin W. Morey, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Juan Figuerate appeals from a final judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) declining to resentence him after a remand from this Court pursuant to our decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Figuerate had been sentenced primarily to a term of imprisonment of 240 months. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

"[W]e review a sentence for reasonableness even after a District Court declines to resentence pursuant to *Crosby*." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir.2007). To the extent that Figuerate claims that the district court's decision was procedurally unreasonable for failing to specifically address his argument that he should receive credit toward his federal sentence for the time spent in federal custody after the date of his state parole eligibility, his claim is without merit. *See United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir.2006) ("[W]e entertain a strong presumption that the sentencing judge has

682

considered all arguments properly presented to her, unless the record suggests otherwise.").

With respect to Figuerate's claim that the sentence he received is substantively unreasonable, we are again unpersuaded. While he did not receive the 18–month credit he sought on this sentence (for service, while in federal custody, of a state sentence imposed for a crime completely distinct from his federal crime), Figuerate has already received a significant downward departure on this sentence, from a Guidelines range of 360 months-life to 240 months, notwithstanding that he endangered the investigation with which he was cooperating by fleeing the jurisdiction. Furthermore, while we need not rely on this fact in deciding the present appeal, we note that Figuerate already received a break to account for the service of this state sentence when he was sentenced in the Eastern District of Pennsylvania to a below-Guidelines term of imprisonment (even made to run concurrently with the sentence he now appeals) for his firearms conviction. Given these facts, his criminal history, and his patent disrespect for the law, the term of imprisonment imposed in this case was not unreasonably long.

Accordingly, the sentence of the district court is **AFFIRMED**.